955 F.2d 44
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re CORANGO RESOURCES, LTD., Debtor.
G.E. GROGAN, Trustee of Corango Resources, Ltd., Plaintiff-Appellee,
v.
GOLDEN AND KUNZ, a partnership; Robert H. Golden, P.C.;
Armand D. Kunz; Robert E. Cohenour, Defendants-Appellants.
 No. 91-1441.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1992.
 
 1
 Before SUHRHEINRICH and SILER, Circuit Judges, and BATTISTI, District Judge.*
 
 ORDER
 
 2
 This is an appeal from an order of the district court sitting as an appellate court in bankruptcy. The issues in this appeal are: (1) whether the real property located in Pentwater, Michigan (the Pentwater Property), was the property of Corango Resources, Ltd. (Corango), the debtor, in order to resolve the trustee's preference claim brought under § 547(b) of the Bankruptcy Code, 11 U.S.C. § 547(b); and (2) whether the $10,000 payment to the Golden & Kunz partnership was made for or on account of an antecedent debt. Both the district court and bankruptcy court ruled that the Pentwater Property belonged to Corango. In addition, both courts ruled that the $10,000 payment the Golden & Kunz partnership received from the sale of the Pentwater Property was in satisfaction of an antecedent debt. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Moreover, both parties have waived oral argument.
 
 
 3
 The findings of fact made by a bankruptcy court are accorded the same weight as the factual findings of a district court judge under Fed.R.Civ.P. 52. See Bankruptcy Rule 8013. Therefore, we may review the bankruptcy court's findings only under the clearly erroneous standard. A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. See United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Godley v. Kentucky Resources Corp., 640 F.2d 831, 834 (6th Cir.1981). Upon review of the evidence in this case, we find no reason to doubt the bankruptcy court's factual finding that the Pentwater property belonged to Corango for purposes of the trustee's preference claim brought under 11 U.S.C. § 547(b). We also find no reason to doubt the bankruptcy court's factual finding that the $10,000 payment the Golden & Kunz partnership received from the sale of the Pentwater property was in satisfaction of an antecedent debt.
 
 
 4
 Accordingly, we affirm the order of the district court pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Frank J. Battisti, U.S. District Judge for the Northern District of Ohio, sitting by designation